UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CESAR RIVERA<br>           Defendant | M.J. Docket No.  21-MJ-1437 |

MOTION FOR STATUS CONFERENCE

The United States of America respectfully moves this Court to schedule a status conference to address the status of Defense Counsel. As grounds therefore the government states as follows:

1. On June 30, 2021, the Defendant was charged by complaint with Possession of 28 Grams or More of Cocaine Base, and Fentanyl, with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), and Conspiracy to Use and Carry, Brandish and Discharge Firearms During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(o).

2. On July 14, 2021, the Defendant had his initial appearance before Magistrate Judge Donald L. Cabell, and agreed to voluntary detention without prejudice (D. 8).  Attorney Andrew Cowan appeared on behalf of the Defendant ("Defense Counsel") (D. 7).   It is the government's understanding that the Defendant is currently detained at Plymouth County House of Correction.

3. On the day of the initial appearance, the parties communicated and agreed to extend the time period in which the government was obligated to seek an Indictment in order to seek potential resolution before indictment.  See 21-MC-91461-LTS, ECF #1 ("As such, in this context, pre-indictment discussions concerning resolution are in the Defendant's interest and may materially benefit the Defendant.").  The government filed the assented-to motion to extend time to indict on July 15, 2021, seeking an extension until November 13, 2021 to obtain an Indictment.  See id. Judge Sorokin allowed the motion the same day.  See 21-MC-91461-LTS, ECF #3.  In the interim,

the government produced extensive amounts of discovery related to the Defendant's arrest and other related conduct that would form the basis for a potential Indictment.

4.      Since then, the government has made numerous unsuccessful attempts to contact Defense Counsel via email and by telephone.

5.      During the month of August 2021, undersigned counsel for the government left a number of voicemails and sent a number of emails to Defense Counsel in order to discuss the case and to direct Defense Counsel to certain discovery that had been produced. Ultimately, these efforts resulted in a single short phone call between the parties on August 31, 2021, during which certain pre-indictment charging scenarios were discussed, and the potential for a plea to an Information was addressed by the government.  Defense Counsel indicated he would be making contact with his client and getting back to the government.

6.      Since then, undersigned counsel for the government has made numerous attempts to contact Defense Counsel regarding the status of the case.  In particular, undersigned counsel for the government emailed Defense Counsel on the following dates seeking a return call back: 9/10/2021; 9/13/2021; 9/16/2021; 9/17/2021; 9/27/2021; and 9/28/2021.

7.      The government also left voicemails for Defense Counsel on his cellular phone on the following dates and times: 9/10/2021 at 3:30 pm; 9/17/2021 at 3:49 pm; 9/20/2021 at 9:51 pm; 9/21/2021 at 9:13 am; 9/24/2021 at 11:32 am; and 9/28/2021 at 3:12 pm.[1]  Defense Counsel has not responded to these voice and email communications.

---

[1] There may be additional calls. The recited dates and times are the ones readily determinable from call logs and references in emails to recent calls.

8. On September 28, 2021, undersigned counsel for the government alerted Defense Counsel via email that these failures to communicate would be brought to the Court's attention on October 1, 2021.

9. On September 29, 2021, undersigned counsel for the government located the email address for another attorney at Defense Counsel's firm (the "Associate Attorney") from the ECF system and copied that Associate Attorney on email correspondence. That Associate Attorney replied on September 29, 2021, and indicated that she would make an effort to bring the government's emails and efforts to communicate to Defense Counsel's attention. Since then, the government has received no further response from Defense Counsel.

10. If indicted, the Defendant faces a potential ten-year mandatory minimum sentence related to the drugs and firearm recovered during his arrest on state warrants. The Defendant also has multiple state cases involving additional firearms and a shooting that are all effectively subject to federal adoption. This additional related conduct would also increase the Defendant's potential exposure. In the government's estimation, and as understood from prior discussions preceding the filing of the extension of time to seek an Indictment, pre-indictment resolution of this case could be very valuable for the Defendant. See 21-MC-91461-LTS, ECF #1 ("As such, in this context, pre-indictment discussions concerning resolution are in the Defendant's interest and may materially benefit the Defendant.").

11. As the deadline to indict is approaching, and given the lack of communication with and/or responses from Defense Counsel, the government is concerned that the Defendant is not being effectively represented. Furthermore, the government is concerned that the opportunity to negotiate a pre-indictment resolution may soon expire due to apparent inattentiveness on the part of Defense Counsel. Put simply, the government can prepare this case for Indictment in short

order and will do so. However, the government wishes to ensure that the apparent inattentiveness on the part of Defense Counsel during this important phase of the proceeding does not prejudice the Defendant and subject him to harsher penalties than what may be negotiated before indictment.

12. The government attempted to confer with Defense Counsel regarding these issues in the numerous emails and phone calls recited above. The government informed Defense Counsel and the Associate Attorney as to the fact that these issues would be brought to Court's attention, and has received no response. Therefore, the government certifies consistent with Local Rule 7.1(a)(2) that it has attempted to confer and narrow the issues and has been unable to do so.

13. The government asks this Court to schedule a status conference to address these issues and determine the status of Defense Counsel's representation.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Philip A. Mallard*
Philip A. Mallard
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: October 1, 2021

*/s/ Philip A. Mallard*
Philip A. Mallard
Assistant United States Attorney